Joseph J. O'Donohue et al., Appellants, *v.* Francis H. Leggett et al., Respondents.

Defendants contracted to purchase of B. & Co., plaintiff's assignors, a specified quantity "of Free Preanger coffee to arrive."  The vendors tendered on arrival coffee which was not "Free Preanger," but was "Pondok Gedeh."  In an action upon the contract it appeared that by the term "Free Preanger" was meant coffee grown on private plantations in Preanger, a district in Japan.  "Pondok Gedeh" is a plantation in an adjoining district; its coffee at the time of the transaction commanded a less price than that contracted for.  It also appeared that about this time, and until defendants refused to accept, a few parcels of coffee grown on private plantations in the adjoining district had been sold as "Free Preanger," one such purchase having been made

by defendants, but it did not appear that they or the other buyers knew that their purchases were from such other district. *Held,* that no general custom was shown to sell "Pondok Gedeh" as "Free Preanger;" and that defendants were justified in refusing to accept.

Plaintiffs proved that before the arrival of the coffee they received samples thereof which they delivered to defendants; the marks thereon indicated to the trade that the coffee was "Pondok Gedeh." Defendants retained the samples for two days and then delivered them to brokers, with instructions to offer the coffee for sale. Plaintiffs then offered to show a trade custom in New York making it the duty of a buyer to accept or reject coffee immediately after the receipt and examination of such samples. *Held,* that the offer was properly rejected, as the sale was not by sample, and by the contract defendants were entitled to await the arrival of the coffee and its inspection in bulk before acceptance.

Also *held,* that evidence offered by plaintiffs to the effect that when defendants delivered the samples to the brokers they instructed them to sell the coffee as "Free Preanger" was properly excluded ; that the trial of the experiment whether the coffee could be so sold, in the absence of evidence of its success did not establish that in trade signification the coffee in question was "Free Preanger."

(Argued April 25, 1892; decided May 31, 1892.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made December 2, 1889, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Circuit.

The action was to recover damages for the alleged breach by the defendants of the following contract :

"New York, *October 27th,* 1879.

"Sold for account for Messrs. Sheldon Banks & Co. to Messrs. F. H. Leggett & Co. 1,700 piculs of Free Preanger coffee to arrive, the name of the vessel or vessels to be given as soon as known to the sellers, at 22 cents per pound. Sound and made sound. Basis four month's notes from average delivery in store. Payable cash within first month's storage ; discount for unexpired time, rate 7 per cent per annum ; first month's storage and fire insurance free and to weigh coffee.

Should government impose duty on coffee, this coffee to be taken in bond. No arrival, no sale.

"(Signed) O'SHAUGHNESSY & SORLEY,
"*Brokers.*"

And written across the face, "Accepted," Sheldon Banks & Co.

The vessel, the Jacobus Johannes, did arrive early in May, 1880, and the defendant, after examining the coffee, refused to accept it, and wrote plaintiffs' assignors under date of May 29, 1880, confirming previous verbal notice of refusal. Defendants placed their refusal " on the ground that they are not Free Preanger as purchased ' to arrive' of you Oct. 27, 1879." The plaintiffs, after notice to defendants and proper advertising, caused the coffee to be sold at public auction August 20, 1880, upon defendants' account, and realized $11,342.90 less than the contract price. This difference with interest they seek to recover in this action.

Further facts are stated in the opinion.

*Joseph H. Choate* for appellants.

*Edmund Randolph Robinson* for respondents.

LANDON, J. The coffee offered for defendants' acceptance was not "Free Preanger," but was "Pondok Gedeh." Preanger is a large district in Java, Buittenzorg is the adjoining district, and Pondok Gedeh is a plantation in the latter district. Free Preanger coffee — "Free," distinguishing the coffee grown upon private plantations from that grown by the government — was better known than the Pondok Gedeh, and at the time of this transaction commanded a higher price in the New York market.

The plaintiffs, however, contend that there was a trade signification attached to the term Free Preanger; that the product of several plantations outside of the district of Preanger, but near it, was known in the New York market as Free Preanger; that Pondok Gedeh was one of these plantations, and that this contract was made and should be construed

with reference to such trade signification. Much evidence was given upon this subject. We have examined it and conclude that it was not sufficient to sustain a verdict in favor of the proposition. It does not appear that before September, 1879, any effort was made in the New York market to sell Pondok Gedeh coffee as Free Preanger, but that about that time and until the defendants refused to accept this parcel of coffee, some importers and dealers in coffee did sell a few parcels of coffee as Preanger which were grown in that district. In September, 1879, these defendants bought 1,200 piculs of Tziserora as Free Preanger and some other dealer bought 2,200 piculs. But it was not shown that the defendants or the other buyers knew that their purchases were in fact Tziserora. A few sales of coffee from the Nangoon district as Free Preanger was mentioned by one witness, but he could not give the particulars. Several witnesses testified in general terms that coffee raised upon the private plantations in the Buittenzorg district near to Preanger, including those already mentioned and some others, were sold in 1879 as Free Preanger, but when asked to give particulars their recollection was defective, and their testimony leaves it in doubt whether the buyer had the knowledge of the seller as to the district in which the coffee was grown.

Respecting the sale of Pondok Gedeh as Free Preanger, no witness had knowledge of any sales other than of the consignment of coffee here in question. The trial court properly held that no general custom was shown to sell Pondok Gedeh as Free Preanger, and that no knowledge of such a custom was brought home to the defendants.

The plaintiffs proved that they notified the defendants January 28, 1880, of the name of the vessel, the "Jacobus Johannes," upon which the coffee was expected to arrive, and that March 1, 1880, overland samples having arrived, via London, pursuant to the custom of the trade, they delivered them to the defendants who kept them two days, and then brought them back to the same brokers through whom this contract was made, with instructions to offer the coffee for

sale. The marks on the samples would indicate to the trade that the coffee was Pondok Gedeh, but would not aside from that designation indicate the district in which it was grown. The plaintiffs then sought to show a trade custom in New York making it the duty of the buyer to accept or reject the coffee immediately after the receipt and examination of such samples. The questions asked, tending to prove this custom, were excluded upon defendants' exception. In this we think there was no error. The contract was in writing and contained no mention of samples. According to its terms, the defendants could await the arrival of the coffee and its inspection in bulk. The custom, if allowed, and of the force suggested, would in effect alter the contract in a particular material to the rights of the defendants. Evidence of it was, therefore, properly excluded. (*Corn Exchange Bank* v. *Nassau Bank*, 91 N. Y. 75; *Beirne* v. *Dord*, 5 id. 95; *Westcott* v. *Thompson*, 18 id. 363–367; *Bradley* v. *Wheeler*, 44 id. 495; *Barnard* v. *Kellogg*, 10 Wall. 384.)

The court sustained defendants' objection to questions asked by plaintiff to prove that when defendants, in March, returned the overland samples to the brokers, they instructed them to sell the coffee as Free Preanger. As they still had until after the vessel's arrival in which to determine whether they would accept the coffee, the trial of the experiment whether the market would take this coffee as Free Preanger upon inspection of the samples might assist them in reaching that determination; the mere trial of the experiment, in the absence of evidence of its success, was not evidence that in trade signification this coffee actually was known by that name. Besides, Pondok Gedeh was the name of a plantation or estate, very small in comparison with Preanger or Buittenzorg, and it does not appear that the defendants then knew that it was in the latter and not in the former district. The objection was properly sustained.

It appeared that only 1645 1-2 piculs of coffee arrived instead of 1700, as specified in the contract. Upon the trial, this variance in the number of piculs was insisted upon in

justification of the defendants' refusal to accept. The coffee arrived in mats, two mats making a picul. "Picul" is a measure of the weight of coffee, and is understood in New York to call for from 128 to 136 pounds, the weight of the coffee being affected during transportation by various causes.

By the contract, the coffee was to be sold by the pound and to be weighed. The actual weight of the 1645 1-2 piculs was 221,000 pounds, which was equal to 1,700 piculs at 130 pounds each. The defendants did not place their refusal to accept the coffee upon any deficiency in the number of piculs, and since the deficiency was not in the actual weight of the coffee, but in the number of packages in which it was enclosed, we incline to think this variance was not material in fact or in the intention of the parties. But the variance from the contract in the kind of the coffee offered the defendants was fatal to the plaintiff's right of recovery, and the judgment should be affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., dissenting. Judgment affirmed.